**United States District Court
Western District of Washington At Seattle**

| | |
|---|---|
| Barbara Bianchi,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Holland America Line Inc., a Washington Coporation; Holland America Line-USA Inc., a Delaware corporation; Holland America Line N.V. dba Holland America Line N.V. LLC, a foreign corporation; HAL Antillen N.V., a Curacao corporation, and HAL Nederland N.V., a Curacao corporation<br><br>                  Defendants. | No.<br><br>Complaint For Damages For Injuries<br><br>JURY DEMAND |

Plaintiffs Barbara Bianchi alleges as follows:

## I. Parties

1.1 Plaintiff resides in Arizona.

1.2 Defendant Holland America Line Inc., is and at all material times hereto

COMPLAINT FOR DAMAGES - 1

Case No 18-

Webb Law Firm
Dba Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

was a Washington corporation, has its principal place of business in Seattle, Washington, and operated the cruise ship ms ROTTERDAM.

1.3    Defendant Holland America Line-USA Inc., is and at all material times hereto was a Delaware corporation, has its principal place of business in Seattle, Washington, and operated the cruise ship ms ROTTERDAM.

1.4    Defendant Holland America Line N.V. d/b/a Holland America Line N.V. LLC is and at all times material hereto was a foreign corporation, has its principal place of business in Seattle, Washington, and operated the ms ROTTERDAM.

1.5    Defendant HAL Antillen N.V., is and at all times material hereto was a Curacao corporation doing business in Seattle, Washington, was a subsidiary of Carnival Corporation & PLC, and was the owner and/or operator of the cruise ship ms ROTTERDAM.

1.6    Defendant HAL Nederland N.V, is and at all times material hereto was a Curacao corporation doing business in Seattle, Washington, was a subsidiary of Carnival Corporation & PLC, and was the owner and/or operator of the cruise ship ms ROTTERDAM.

1.7    At all times material, the ms ROTTERDAM was operated by HAL.  HAL means Defendants  HAL Antillen N.V.; HAL Nederland N.V., and Holland America Line N.V., and each of their respective subsidiaries, affiliates, parents, and owners, and its or their managers and or agents.

COMPLAINT FOR DAMAGES - 2
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

1.8   Defendants at all times material hereto jointly and/or severally owned, operated, leased, managed and or controlled the ms ROTTERDAM.

1.9   Defendants waived and extended the contractual time bar or limitations period for Plaintiff to file a lawsuit for personal injuries to January 15, 2018.

1.10   All conditions precedent for filing and maintaining this action have been satisfied, have been waived, or do not apply.

## II.  Jurisdiction & Venue

2.1   This is an action by a passenger against the agents, owners, operators and charterers of a cruise ship vessel for injuries sustained on the ms ROTTERDAM during a cruise that originated in Port of the United States.  Subject matter jurisdiction is vested in this court pursuant 28 U.S.C. § 1333, due to the admiralty and maritime nature of the claim.

2.2   Jurisdiction is also vested in this court pursuant 28 U.S.C. § 1332. There is complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.3    Venue is proper under 28 U.S.C. § 1391 as Defendants do business in the Western District of Washington with offices and or agents in Seattle.  Venue also lies in this court pursuant to the terms of the Cruise Contract between plaintiffs and defendants.

COMPLAINT FOR DAMAGES - 3
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

### III.  Liability: Negligence & Causation

3.1     At all times material, Plaintiff was fare-paying passenger on a cruise aboard the cruise ship ms ROTTERDAM.   At all times material, the Defendants, their employees and/or agents owed Plaintiff a duty to exercise the highest degree of care consistent with the operation of a passenger vessel, including, but not limited to, a duty to maintain the vessel in a reasonably safe condition and to warn passengers of dangerous conditions.

3.2     On or about October 30, 2016, due to defendants' negligence Plaintiff sustained serious personal injuries when she fell while descending a set of stairs that did not have continuous handrails and had varying tread from the upper level of the La Fontaine Dining Room area to the balcony level on board the vessel.

3.3     At the time of Plaintiff's fall and injury the subject steps were covered by uniform dark red carpeting in dim dining room lighting without any delineation of the tread edges. These conditions camouflaged the stairs making it invisible to Plaintiff. Compounding the hazard, the tread of the intermediate stairs sat at an irregular angle and on information and belief was not close to the minimum 11' inches in depth uniformly required by stairway building codes.  A uniform step within code would have provided plaintiff the chance of finding and meeting the camouflaged intermediate step with her foot.  Completing the hazard, the hand rails did not continue to the bottom steps of the balcony level floor.   Defendant's failure to provide any hand rail on this

COMPLAINT FOR DAMAGES - 4
Case No. 18 -

Webb Law Firm
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

stairway deprived her of the assistance and essential safe-guard to transition the stairway.

3.4     Plaintiff was 75 at the time of her fall and injury aboard the m/s ROTTERDAM.  She is representative of the older demographic to which defendants cater and market their cruises.  This older guest population is more vulnerable to falling and therefore defendants should but failed to take reasonable and necessary precautions to prevent stairway falls including but not limited to demarking stair tread edges, providing adequate handrails and proper lighting in stairway areas.

3.5     The lack of continuing handrails, good lighting, delineation of the tread edges and uniform tread / steps caused Plaintiff's fall and injuries.

3.6     Upon information and belief Defendants knew or should have known of that the unreasonably dangerous conditions posed by the vessel's La Fontaine Dining Room stairs to the balcony level below due to prior incidents occurring on the same stairs or on similar stairs on Defendants' other vessels prior the Plaintiff's fall.

3.7     Upon information and belief Defendants knew or should have known that the lack of adequate handrails, poor lighting, varying tread and failure to delineate tread edges posed an unreasonable hazard to its passengers and Defendants knowingly failed to disclose and correct the dangerous conditions to Plaintiff.

3.8     On or about October 30, 2016, Defendants, their agents and or employees negligently and carelessly breached their duty of care in one or more of the following ways, but in no way limited to:

COMPLAINT FOR DAMAGES - 5
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

    a. Negligently failing to exercise that degree of care required to safeguard Plaintiff during the subject cruise;

    b. Negligently failing to maintain and inspect the subject stairway to insure that it was reasonably safe for Plaintiff;

    c. Negligently failing to provide Plaintiff with a reasonably safe stairway and place to walk;

    d. Negligently failing to provide Plaintiff with adequate handrails to transition the stairway;

    e. Negligently failing to take proper corrective measures and to correct a known dangerous condition even after receiving notice of prior accidents and falls on the subject and or similar stairways;

    f. Negligently failing to warn or provide notice of reasonably foreseeable dangerous conditions;

  3.9 The negligence of the Defendants was the direct and proximate cause of Plaintiff's injuries.

  3.10 At all times material, Plaintiff was acting with due care for her own safety.

## IV.  Injuries & Damages

  4.1 As a direct and proximate result of defendants' negligence, Plaintiff suffered serious bodily injuries, including but not limited to traumatic fractures of her right humerus requiring surgery, and other injuries and damages, all resulting in

COMPLAINT FOR DAMAGES - 6
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

pecuniary and other compensable losses, including significant past and future medical expenses. As a proximate result of Defendants' negligence, Plaintiffs will continue to incur such damages in the future and lost household services.

4.2   As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer physical and emotional injuries, including but not limited to, permanent physical impairment, disfigurement, pain, suffering, disability, limitations and loss of enjoyment of life in the past, and she will continue to suffer such injuries in the future. Further, these injuries proximately caused Plaintiff to lose the benefit of her cruise vacation resulting in additional transportation costs. Plaintiff also incurred repatriation expenses, travel expenses to medical appointments, household assistance and other out of pocket costs and damages all in amounts to be proven at the time of trial.

### V.  Punitive Damages

5.1   Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 4.2 as set forth herein.

5.2   Defendants' use and maintain inadequate stairs, stair treads, lighting and inadequate handrails on its stairs on board its vessels that pose unreasonable dangers to its passengers. Upon information and belief this has led to numerous prior passenger stairway accidents prior to Plaintiff's fall. As a result, Defendants' failure to correct the dangerous and unsafe conditions and or to warn passengers of the dangers posed by the inadequate stairs maintained by Defendants was outrageous,

COMPLAINT FOR DAMAGES - 7
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

owing to gross negligence, willful, wanton and or reckless indifference to the rights and safety of Plaintiff and other passengers aboard Defendants' vessels, including the ms ROTTERDAM.

**WHEREFORE**, Plaintiff reiterates and incorporates each and every allegation, and prays for monetary judgment against Defendants, jointly and severally, as follows:

a.   For general, special, incidental, general and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the Defendants and or their agents, employees and all other persons or entities which may be vicariously liable;

b.   For all expenses of health care providers, past, present and future;

c.   For punitive damages as may be permitted under applicable law;

d.   For prejudgment interest on the award;

e.   For Plaintiff's taxable costs of suit;

f.   For post-judgment interest and other relief allowed by the Court.

g.   Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

//

//

//

//

COMPLAINT FOR DAMAGES - 8
Case No. 18 -

WEBB LAW FIRM
Seattle Maritime Attorneys
225 106th Avenue North East
Bellevue, Washington 98004
Telephone 425.454.3800

DATED this <u>11th</u> day of January, 2018.

s/G<small>ORDON</small> C. W<small>EBB</small>

_____
Gordon C. Webb, WSBA # 22777
225 106th Avenue NE
Bellevue, WA 98004
Telephone 425.454.3800
Facsimile   425.307.6449
E-mail Gordon@webblawfirm.net
Attorney for Plaintiff

DATED this <u>11th</u> day of January 2018.

s/A<small>NTHONY</small> J. G<small>INSTER</small>

_____
A<small>NTHONY</small> J. G<small>INSTER</small>, WSBA # 19310
225 106th Avenue NE
Bellevue, WA 98004
Telephone 425.454.3800
Facsimile   425.307.6449
E-mail Aginster@msn.com
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 9
Case No. 18 -